## Pennsylvania Labor Relations Board
## *v.* Heller, Appellant (No. 1).

Argued March 15, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

reargument refused June 22, 1961.

*Lloyd F. Engle, Jr.,* with him *Royston, Robb & Leonard,* for appellants.

*James F. Wildeman,* Assistant Attorney General, with him *Raymond Kleiman,* Assistant Attorney General, and *Anne X. Alpern,* Attorney General, for Pennsylvania Labor Relations Board, appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 2, 1961:

Johnny Moore, a presser for the Esquire One-Hour Valet, a dry-cleaning establishment in Pittsburgh, filed an unfair labor practice charge against his employers (Burt Heller, Morris H. Heller and Bessie J. Heller, trading and doing business as Esquire One-Hour Valet), charging that they had discharged him on April 4, 1959, because of union activities, thus violating Sec. 6, sub-section 1, clauses a and c of the Pennsylvania Labor Relations Act.

The Pennsylvania Labor Relations Board, found, after hearing, that the employers had violated the law in discharging Moore for his efforts to organize for the Laundry & Dry Cleaners International Local Union, 141, AFL-CIO, and ordered his reinstatement with pay, less what he had earned during the period he was out of work.

After the exceptions filed by the employers were dismissed by the board, the employers appealed to the County Court of Allegheny County which sustained the board and said: "Without attempting to enumerate in detail the testimony from the voluminous record taken at the hearings before the Board to substantiate its findings and conclusions and guided by the above principles governing review by this Court, suffice it to say that there is substantial and legally credible evidence to support the Board. We are, therefore, obliged to sustain the decision and final order of the Pennsylvania Labor Relations Board in these cases."

On appeal to this Court the employers contend that Moore was discharged not for union activities but because of improper conduct toward female employees in the establishment. Moore testified to a conversation he had had with Burt Heller, manager of the establishment: "I worked four hours that day and it was time to go home, when I went to collect my pay Mr. Heller says, 'Do you have a few minutes?' I says, 'Yes.' Then he walked back, he and I together, just the two of us, to the checking desk and he says, 'Johnny, I can't have you here any longer.' I says, 'What's the matter?' He says, 'For intimidating the girls.' I said, 'What do you mean?' He said, 'you know you are receiving telephone calls, organizing for the union. I can't have you here any longer.' "

The appellants argue that since Moore admitted "intimidating" girls, the second portion of the conversation regarding organizing for the union was "an obvious afterthought which originated after his discharge." Whether Moore was telling the whole truth about his conversation with Heller was a question for the board to decide, the matter of credibility on factual disputes being strictly within its province. In support of its contention, the defendants submit that since Heller is an intelligent man who had previously con-

sulted with legal counsel regarding the picketing which had occurred outside his establishment, he could not "do the obviously stupid act which he is alleged to have done; to wit, advise Johnny Moore that he was being discharged for union activities."

But legal disputes in established tribunals are not decided on what constitutes stupidity but on what actually happened. The board found that Moore told the truth and that, therefore, Heller did make the remark attributed to him. It was for the board to decide what reason motivated Heller in discharging Moore. The court below found that the board's findings were based on credible evidence, and this Court finds that discretion was not abused either by the board or the court below.

In the case of *National Labor Relations Board v. Electric City Dyeing Co.*, 178 F. 2d 980, the Court of Appeals for the Third Circuit said: ". . . If the record permits conflicting conclusions as to the real reason for the discharges, we may not disturb a permissible conclusion reached by the Board. . . Moreover, it matters not that for reasons apart from union activity an employee deserves summary discharge if as a fact the reason was union activity."

Thus, even though the employers may have had a proper cause for discharging Moore (on account of alleged misconduct) they could not under the law discharge him for union activities. The board found that it was the latter reason which caused Moore's dismissal.

Our review in cases of this character is to determine whether the findings of the board are supported by substantial and legally credible evidence required by the law and whether the conclusions reached are reasonable and not capricious. *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.*, 345 Pa. 398. We are satisfied that the board's findings are so supported.

The appellants complain, in addition, that they were denied due process because the Board revoked its original nisi decision and order and substituted therefor its order of December 10, 1959 (made final February 11, 1960) after the employers had complied with the original order. There is no merit in this contention because the new order merely corrected an obvious error in the original order and, in its operation, the appellants' rights were in no way prejudiced.

Affirmed. Each party to bear own costs.