Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Appellee, and Commonwealth of Pennsylvania, Bureau of Labor Relations, Intervening Appellee, v. Frank V. Rizzo, Appellant.

Argued June 6, 1975, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*L. Dennis Revak,* for appellant.

*Roger M. Simon,* with him *James F. Wildeman,* Assistant Attorney General, and *James L. Crawford,* Assistant Attorney General, for appellee.

*John D. Raup,* Assistant Attorney General, for intervening appellee.

OPINION BY JUDGE MENCER, September 10, 1975:

The dispositive issue in this appeal is whether Section 1505 of the Public Employe Relations Act, Act of July 23, 1970, P.L. 563, *as amended* (Act 195), 43 P.S. §1101.1505 (Supp. 1975-1976), prohibits the Pennsylvania Labor Relations Board (Board) from considering evidence of events which occurred beyond the four-month statutory period computed from the date of filing of an unfair labor practice charge, where occurrences within the statutory period, in and of themselves, do not, as a substantive matter, constitute an unfair labor practice. Were we to find that Act 195 does not prohibit such considerations, we would then be compelled to resolve the other issues presented by appellant. However, we find that Act 195 does prohibit such considerations and we therefore affirm.

The history of appellant's litigation is quite long and complex and, because it is also not very edifying, we will confine our recital to the essentials.

From 1959 until July of 1973, Frank V. Rizzo (appellant) was employed as an auditor with the Milk Marketing Board. At meetings on January 25, 1973 and February 8, 1973, appellant made protests to certain supervisory personnel concerning working conditions of, and benefits payable to, auditors. These protests were later found by the appellee Board to rise to the level of protected concerted actions envisioned by Article IV of Act 195.[1]

Appellant was discharged on July 18, 1973. The Pennsylvania Civil Service Commission found just cause for the discharge and this Court affirmed. *Rizzo v. Civil Service Commission,* 17 Pa. Commonwealth. 474, 333 A.2d 212 (1975).

On August 27, 1973, appellant filed charges of unfair practice with the appellee Board. These charges were premised on clauses (3) and (4) of subsection (a) of

---

1. See Section 401 of Act 195, 43 P.S. §1101.401 (Supp. 1975-1976).

Section 1201 of Act 195, 43 P.S. §1101.1201 (Supp. 1975-1976). These clauses provide:

"(a) Public employers, their agents or representatives are prohibited from:

. . . .

"(3) Discriminating in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any employe organization.

"(4) Discharging or otherwise discriminating against an employe because he has signed or filed an affidavit, petition or complaint or given any information or testimony under this act."

Additionally, we note that Section 401 of the Act, 43 P.S. §1101.401 (Supp. 1975-1976), provides:

"It shall be lawful for public employes to organize, form, join or assist in employe organizations or to engage in lawful concerted activities for the purpose of collective bargaining or other mutual aid and protection or to bargain collectively through representatives of their own free choice and such employes shall also have the right to refrain from any or all such activities, except as may be required pursuant to a maintenance of membership provision in a collective bargaining agreement."

Therefore, although the appellee Board may have properly found, and in fact did find under the facts presented, that appellant had engaged in statutorily protected activities on January 25, 1973 and February 8, 1973, the Board dismissed the charges because appellant failed to present any proof of protected activity within four months of the date of his discharge.

The Board invoked Section 1505 of Act 195 which provides:

"Petitions filed under this act shall be heard expeditiously and, if possible, within ten days after they have been docketed. No petitions or charges

involving questions arising under clause (2) of subsection (a) of section 1201 of Article XII [43 P.S. §1101.1201] shall relieve the board of determining any questions arising under sections 603, 604 and 605 of Article VI [43 P.S. §§1101-603-.605] immediately, and in their regular and normal order, and the making of a certification thereon if such is warranted. *No petition or charge shall be entertained which relates to acts which occurred or statements which were made more than four months prior to the filing of the petition or charge.*" (Emphasis added.)

Our scope of review here is limited to a determination of whether the findings of the board are supported by substantial and legally credible evidence and whether the conclusions deduced therefrom are reasonable and not capricious, arbitrary or illegal. *Pennsylvania Labor Relations Board v. State College Area School District,* 9 Pa. Commonwealth Ct. 229, 306 A.2d 404 (1973), *rev'd on other grounds,* Pa. , 337 A.2d 262 (1975).

While we continue to adhere to the proposition that federal decisions in the private sector are of little precedent or assistance in construing state statutes dealing with labor relations in the public sector, *City of Sharon v. Rose of Sharon Lodge No. 3,* 11 Pa. Commonwealth Ct. 277, 315 A.2d 355 (1973), we do note here that a provision strikingly similar to Section 1505 of Act 195 appears in Section 10(b) of the National Labor Relations Act, *as amended,* 61 Stat. 146, 29 U.S.C. §160(b). This provision reads in relevant part:

"*Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board...." (Emphasis in original.)

Both appellant and appellee Board rely on the leading case interpreting this section, *Machinists Local 1424 v. NLRB,* 362 U.S. 411 (1960) (referred to as the *Bryan* case), as being controlling of this appeal. While *Bryan*

may not be controlling (*see City of Sharon v. Rose of Sharon Lodge No. 3, supra*), we do find that it provides an excellent analogy to a proper interpretation of Section 1505 of Act 195.

In *Bryan,* the union entered into a collective bargaining agreement in August of 1954. At the time of the agreement's inception, the union did not represent a majority of the employees covered by the agreement. In June and August of 1955, charges of an unfair labor practice were filed alleging the union's lack of majority representation status at the time of the execution of the agreement and the consequent illegality of the continued enforcement of the agreement, including the union security clause therein. The United States Supreme Court held that the lack of majority representation status alone could not be utilized to taint with illegality the otherwise lawful union security clause or its enforcement, and consequently, the complaint based on that unfair labor practice (bargaining without majority support) was barred by the six-months limitation period.

Speaking for the Court in *Bryan,* Mr. Justice HARLAN stated:

"It is doubtless true that §10 (b) does not prevent all use of evidence relating to events transpiring more than six months before the filing and service of an unfair labor practice charge. However, in applying rules of evidence as to the admissibility of past events, due regard for the purposes of §10 (b) requires that two different kinds of situations be distinguished. The first is one where occurrences within the six-month limitations period in and of themselves may constitute, as a substantive matter, unfair labor practices. There, earlier events may be utilized to shed light on the true character of matters occurring within the limitations period; and for that purpose §10 (b) ordinarily does not bar such evidentiary use of anterior events. The second situation is that where conduct occurring

within the limitations period can be charged to be an unfair labor practice only through reliance on an earlier unfair labor practice. There the use of the earlier unfair labor practice is not merely 'evidentiary,' since it does not simply lay bare a putative current unfair labor practice. Rather, it serves to cloak with illegality that which was otherwise lawful. And where a complaint based upon that earlier event is time-barred, to permit the event itself to be so used in effect results in reviving a legally defunct unfair labor practice." 362 U.S. at 416-17 (footnote omitted).

If anything, the language in Section 1505 of Act 195 is more restrictive than the language in Section 10(b) of the National Labor Relations Act. We therefore feel compelled to adopt the construction given in *Bryan* as applicable to the statutory provisions at hand.

Applying the rules in *Bryan* to the instant facts, it is abundantly clear that the appellant's activities in January and February of 1973 may only be used to support the charge *if e*vents within the four-month limitations period in and of themselves "may constitute, as a substantive matter, unfair labor practices."

Here the Board, in exercising its broad fact-finding powers, found that appellant had engaged in no protected activities during the four-month limitations period. Appellant must therefore rely on his discharge, standing alone, as the requisite substantive matter constituting the unfair labor practice.

However, a discharge alone cannot constitute as a substantive matter an unfair labor practice. To hold otherwise would create, at the time of discharge of every employee in a bargaining unit, a presumption of illegality. Such a result was not intended by the General Assembly. To allow every employee to claim an unfair labor practice at the time of his or her discharge, relying on evidence of possible labor disputes going back through the history of his or her employment, would defeat the clear and

specific intent of the General Assembly in enacting the limitations period in Section 1506.

We therefore issue the following

### ORDER

AND NOW, this 10th day of September, 1975, the appeal of Frank V. Rizzo from the final order of the Pennsylvania Labor Relations Board, dated November 21, 1974 (Case No. PERA-C-3900-C), is hereby dismissed.