507 A.2d 1297

Camp Hill Borough, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Labor Relations Board, Respondent.

Argued November 15, 1985, before Judges DOYLE and PALLADINO, and Senior Judge KALISH, sitting as a panel of three.

*Alex E. Echard,* for petitioner.

*Patricia J. Goldband,* with her, *James L. Crawford,* for respondent.

*Anthony C. Busillo, II,* with him, *P. Richard Wagner, Mancke, Lightman and Wagner,* for intervenor, Camp Hill Borough Police Association.

OPINION BY SENIOR JUDGE KALISH, April 22, 1986:

Camp Hill Borough (Borough) petitions for review of a Pennsylvania Labor Relations Board (Board) order affirming a hearing examiner's decision which held that the Borough had committed unfair labor practices. We affirm with a modification of the Board's order.

A charge of unfair labor practices was filed against Camp Hill Borough with the Board by the Camp Hill Borough Police Association. The Borough was charged with interfering with or coercing police employees in the exercise of collective bargaining rights under the Pennsylvania Labor Relations Act[1] (Act), Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§211.1-211.36, resulting in the furlough of two officers, William Olsen and Samuel Miller, and the retirement of another, William Donovan.

---

[1] Collective bargaining by policemen and firemen is covered by the Collective Bargaining by Policemen or Firemen Act (Act 111), Act of June 24, 1968, P.L. 237, 43 P.S. §§217.1-217.10. The Pennsylvania Labor Relations Act, Act of June 1, 1937, P.L. 1168, *as amended,* 43 P.S. §§211.1-211.36, is not applicable to police officers because the definition of employer in the Act excludes the political subdivisions of the Commonwealth. However, because Act 111 is very limited, this court has held that the Pennsylvania Labor Relations Board does have jurisdiction under the Pennsylvania Labor Relations Act to decide unfair labor practice charges involving Act 111 employees. *See e.g. City of Coatesville v. Pennsylvania Labor Relations Board,* 77 Pa. Commonwealth Ct. 265, 465 A.2d 1073 (1983); *County of Bucks v. Pennsylvania Labor Relations Board,* 77 Pa. Commonwealth Ct. 259, 465 A.2d 731 (1983).

The hearing examiner made extensive findings of fact; found the Borough guilty of unfair labor practices; ordered the Borough to cease and desist from illegal conduct; and ordered the Borough to offer reinstatement with back pay to the three officers. The Board affirmed.

The Borough contends that the findings of fact are not supported by the evidence. Specifically, the Borough argues that the officers were terminated because of budget restraints and not for union activities.

Our scope of review is limited to determining whether the findings of the Board, namely, that the Borough interfered with or coerced employees in the exercise of their collective bargaining rights, are supported by substantial and legally credible evidence. Section 9(a) of the Act, 43 P.S. §211.9(a); *Pennsylvania Labor Relations Board v. Elk Motor Sales Co.*, 388 Pa. 173, 130 A.2d 501 (1957). If so, the findings are conclusive. *Pennsylvania Labor Relations Board v. Kaufmann Department Stores, Inc.*, 345 Pa. 398, 29 A.2d 90 (1942). Substantial evidence means such evidence which to a reasonable mind is adequate to support a conclusion. *Kaufmann*. The Board has the burden of proving the unfair labor practices. *Pennsylvania Labor Relations Board v. Sansom House Enterprises, Inc.*, 378 Pa. 385, 106 A.2d 404 (1954).

A careful examination of the record does reveal substantial evidence from which it could reasonably be inferred that the Borough engaged in discriminating and harassing conduct. It is undisputed that the employees were engaged in forming an association for the purposes of collective bargaining and that the Borough had knowledge of this activity. The Board inferred from the totality of the Borough's conduct that its actions were motivated by anti-union animus rather than fears of a budget deficit. In considering the totality of the cir-

cumstances, the Borough contends that certain earlier and later events were not relevant and therefore not admissible. However, such events may be used so long as the termination took place within the limitation period and the events are used as background to explain the conduct and real reason for the employer's conduct. *NLRB v. Fant Milling Co.*, 360 U.S. 301 (1959); *Pennsylvania Labor Relations Board v. General Braddock School District*, 33 Pa. Commonwealth Ct. 55, 380 A.2d 946 (1977); *Pennsylvania Labor Relations Board v. Rizzo*, 21 Pa. Commonwealth Ct. 216, 344 A.2d 744 (1975). This applies also to conduct after the termination but prior to the filing of the unfair practice charge.

In applying these principles, the record substantiates the findings that one week after the association was formed, the chief of police and his sergeant notified Officer Donovan that since he joined the association they would no longer talk to him except in the line of duty; that the chief was upset; that the chief told Donovan that the Borough Council relationship would not be good; that many transfers, never done before, had occurred and were detrimental to the officers who joined the association; that the association itself was disparaged and that its formation would result in no more overtime; that the officers were told that layoffs were being contemplated for economic reasons; staff reductions did not take place in any other Borough department; and that the Borough's budget showed a year end cash balance of $143,967.

The Labor Board in fashioning its remedy under section 8(c) of the Act, 43 P.S. §211.8(c), in order to carry out the purposes of the Act, ordered the reinstatement with back pay for the three officers, one of which included Officer Miller. This kind of remedy is appropriate. *Lancaster Yellow Cab & Baggage, Inc., v. Pennsylvania Labor Relations Board*, 371 Pa. 49, 88

A.2d 866 (1952). However, since the discharge of Officer Miller was not at issue before the hearing examiner, the Board could not properly order reinstatement and back pay as to him. To that extent the order of the Board will be vacated.

ORDER

The order of the Pennsylvania Labor Relations Board, No. PF-C-84-2-E, dated February 13, 1985, is affirmed as to Officers Olsen and Donovan and vacated as to Officer Miller.

Judge DOYLE concurs in the result only.