In Re: **NOMINATION PETITIONS OF James H. OWEN for Judge of the Court of Common Pleas, 33rd Judicial District.**

**Jennifer Blake and Richard Schreckengost, Petitioners.**

Commonwealth Court of Pennsylvania.

Heard March 21, 2007.

Decided March 23, 2007.

Order for Publication May 2, 2007.

Craig R. Shagin, Harrisburg, for petitioners.

Jeffrey C. Clark, Harrisburg, for respondent.

OPINION BY Senior Judge FEUDALE.

Before the Court are objections to the nomination petition of James H. Owen (Owen) for the office of Judge of the Court of Common Pleas of Armstrong County.[1] The sole objection is that Owen failed to file his required statement of financial interest with the State Ethics Commission. Owen is currently serving as a Magisterial District Judge in Armstrong County, having been appointed in October, 2005 and elected in November, 2005.

■ Section 1104(b) of the Ethics Act, 65 Pa.C.S. § 1104(b) requires that candidates for state-level office file the statement with the Ethics Commission and with the Secretary of the Commonwealth on or before the last day for filing a petition to appear on the ballot. The parties have stipulated that Owen did not file a statement with the Ethics Commission, but did attach a statement to his nomination peti-

---

1. Owen cross-filed as a candidate of both the Republican and Democratic parties. The objections have been filed by a member of each party, thus granting standing to object.

tions, which was accepted by the Secretary of the Commonwealth.[2]

Owen introduced a letter from the Secretary of the Commonwealth, received with his "candidate's package," and dated January, 2007, which stated

"Depending on your status of judicial incumbency you may have to submit a copy of the Statement of Financial Interests required to be filed with the State Ethics Commission with your nomination petition."

The letter further advised the candidate to contact the State Ethics Commission. Owen credibly testified that he then contacted the Ethics Commission to determine whether a statement must be filed by an "incumbent" judicial officer, and was informed that incumbent judicial officers were not required to file with the Commission.

This information and advice apparently stems from our Supreme Court's ruling in *Kremer v. State Ethics Commission,* 503 Pa. 358, 469 A.2d 593 (1983) and its progeny. In *Kremer,* a Philadelphia Common Pleas judge filed a declaratory judgment action in the Commonwealth Court's original jurisdiction challenging the application of the Ethics Law to members of the judiciary. The Commonwealth Court concluded that the law was unconstitutional as applied to the judiciary because it violated the doctrine of separation of powers. The Pennsylvania Supreme Court affirmed, with a dissent from Justice Hutchinson, who agreed that a specific provision reporting to remove from office persons who failed to file statements was unconstitutional because the Constitution provided the sole method for removing judicial officers. Justice Hutchinson further opined, however, that a requirement to file, imposed on all public officials, did not intrude on judicial functions. Justice Hutchinson noted that to the extent the removal provisions invalidated the act as to the judiciary, he would adopt, as a matter of comity, the disclosure provisions of the Act and require the judiciary to observe them to the same extent as other public officials. Since *Kremer,* the Supreme Court has adopted Justice Hutchinson's suggestion by requiring such disclosure of financial interests by filing with the AOPC.

While *Kremer* did not deal specifically with filing of statements by candidates for judicial office, the Ethics Commission issued an advisory opinion in 1991 to Judge Harold F. Woelfel, Jr. (advisory 91–525), in which the Commission opined that an incumbent judge who is running as a candidate for the same office is not required to file a statement of financial interests under the Ethics Law under the rationale espoused in *Kremer.*

---

**2.** The Statement filed with the Secretary of the Commonwealth was not on the form required by the Ethics Act, but rather was a "Supreme Court of Pennsylvania Statement of Financial Interest" for judicial officers. Because Owen is currently a Magisterial District Judge in Armstrong County, he is required by the Supreme Court to file a statement with the Administrative Office of Pennsylvania Courts (AOPC) on or before May 1 of each year. These statements may be electronically filed, resulting in a lack of original signature. Owen chose to file his statement with AOPC on February 28, 2007, with information relating to calendar year 2006, and to include a copy of that statement with his nominating petitions. While objectors allude in their memorandum of law to the fact that the AOPC statement does not comply with Section 1104(b) of the Ethics Act, the objections do not raise any issue relating to the statement filed with the Secretary of the Commonwealth, including the form of the document or the lack of original signatures. Accordingly, any objection to the statement filed with the nominating petitions and accepted by the Secretary of the Commonwealth is waived, leaving only the issue of Owen's failure to file a statement with the Ethics Commission.

■ Objectors here argue that the advisory opinion in *Woelfel* expressly dealt with a judge running for the same office, while here Owen is a Magisterial District Judge running for a different office, that of common pleas judge. Additionally, objectors assert that, as a Magisterial District Judge, Owen is also a practicing attorney, and should therefore be required to file. Assuming, *arguendo*, that *Kremer* can be construed to apply to candidates for judicial office, we cannot agree that a different result must be reached where an incumbent judicial officer is running for a different judicial office, as opposed to the office he now occupies. Moreover, we find that in relying on both the written and oral advice of the Ethics Commission, Owen "substantially complied" with the act. The remaining question is whether the Ethics Commission is correct in its interpretation of *Kremer.*

*Kremer* concluded that sitting jurists are not subject to the Ethics Act, because application of the Act would infringe on the Supreme Court's power to exercise general supervisory and administrative authority over the courts. The Commission's interpretation of *Kremer* would produce the result that a sitting judge running as a candidate need not file a financial interest statement *at all,* since both the requirement to file with the Ethics Commission as well as the mandate to attach a copy to the nomination petitions are contained in the Ethics Act.[3] Non-incumbents running for judicial office, however, presumably are required to file with both the Secretary and the Ethics Commission, raising the question of disparate treatment.

■ An agency's interpretation of a statute that it is charged with implementing and enforcing is afforded substantial deference. *Office of Administration v. PLRB,* 591 Pa. 176, 190 n. 11, 916 A.2d 541, 550 n. 11 (2007). Such deference, however, does not prevent the Courts from inquiring into the correctness of the interpretation, particularly when a constitutional issue is involved.

■ Like Justice Hutchinson, we believe that a requirement that *candidates* for public office, including judicial office, must file financial statements is neutral in that it does not intrude on judicial functions.[4] The Pennsylvania Constitution grants the Supreme Court supervisory power over all Courts, but does not purport to grant supervisory power over elections. Certainly there is a significant distinction between a judge performing judicial functions and a judge running as a candidate for judicial office. No one could seriously argue that the General Assembly could not change the time or manner in which elections are held, the number of signatures required on a nominating petition or the types of affidavits that must be submitted by candidates. Similarly, we believe that the financial statement requirements of the Ethics Act, as applied equally to all **candidates** for

3. There is no testimony of record in this case as to whether the Secretary of the Commonwealth requires the filing of a statement with nominating petitions for candidates for judicial office or whether the Secretary distinguishes between incumbents and non-incumbents. However, our Supreme Court recently affirmed the Commonwealth Court in a case in which a candidate for Philadelphia Traffic Court was stricken from the ballot based on an incomplete statement of financial interests.

*In re Littlepage,* 589 Pa. 455, 909 A.2d 1235 (2006).

4. We do recognize that the Code of Judicial Conduct also regulates candidates for judicial office. Therefore, the argument could be made that *Kremer* precludes application of the Ethics Act to all candidates for judicial office, incumbent or not.

public office, do not infringe on the Supreme Court's constitutional authority to regulate courts.

In *Hamilton v. Hennessey*, 783 A.2d 852 (Pa.Cmwlth.2001), *aff'd per curiam*, 569 Pa. 101, 800 A.2d 927 (2002), an individual sought an audit of the election expenses of a state representative, alleging that the publicly-financed newsletters of the representative constituted "political advertisements" which should have been included as campaign expenses. In the course of litigation, subpoenas were requested addressed to members and staff of the House Republican Caucus, which then attempted to quash the subpoenas based, *inter alia*, on the principle of separation of powers. Specifically, the Caucus asserted that the issue of whether the challenged newsletter constituted campaign literature was a nonjusticiable political question, consideration of which by the courts would violate the separation of powers doctrine. Ultimately, the Commonwealth Court concluded that interpretation by the Courts of a statute governing campaign expenses was permissible and did not violate the doctrine of separation of powers.

While not directly applicable here, we believe that the same underlying rationale applied to the legislative branch in *Hennessey* must also be applied to the judicial branch. *Hennessey* did not violate separation of powers because the issue involved a statute regulating campaign finances, which was subject to interpretation by the courts. Here, a statute regulates the conduct of elections, including elections of judicial officers, but in no manner purports to regulate or intrude into the functioning of the judicial branch. The act of becoming a candidate, while admittedly necessary to become or perhaps remain a judge, cannot be construed as a judicial act any more than the act of applying to law school could be construed as part of the practice of law.

■ We therefore conclude that the provisions of the Ethics Act requiring that all candidates for public office file statements of financial interests with the Commission and append copies thereof to their nominating petitions do not violate separation of powers, and are not prohibited by our Supreme Court's decision in *Kremer*. Because Owen "substantially complied,"[5]

---

**5.** I concur that requiring all candidates for public office to file *a* financial interests statement that lists all direct and indirect sources of income is an important policy that facilitates transparency in government and satisfies the public's right to know. I disagree, however, that any act or omission relevant to the filing and disclosure in the statement is *per se* a fatal defect.

Justice Castille, in his concurrence in *In re Benninghoff*, 578 Pa. 402, 852 A.2d 1182 (2004), noted that the legislature did not define the term "fatal defect." "Fatal," which in my view does not require definition, is, according to Webster, a term that means "deadly, causing death or something which one is powerless to change." Justice Baer, in what I would characterize as an astute and appropriate exercise of judicial CPR, while not defining "defect" (which Webster defines as "an imperfection, shortcoming or deficien-

cy", certainly something that arguably should not result in a "fatal" wound) "resurrected" the death of a candidacy by implementing the "substantial compliance" analysis. Until Justice Baer (joined by a unanimous Supreme Court) so opined, I, like Judge Pellegrini in *Anastasio*, 820 A.2d 880 (Pa.Cmwlth.2003), *aff'd*, 573 Pa. 512, 827 A.2d 373 (2003), perceived "fatal defect" as a legislatively-mandated *per se* rule. I, and I suppose other judges, reluctantly authored opinions that removed candidates, including some incumbents, from the ballot. In my view, some of the omission/commission defects did not seem all that substantive, and "merely" served to remove an otherwise viable candidate, thereby winnowing opposition and limiting or eliminating electoral choice. In my view such is *per se* bad public policy.

I believe that Justice Castille, like Justice Baer, also got it right in his concurring opinion in *Benninghoff*. He concluded that fatal

based on his reliance on advice given to him, and because the constitutional issue involved is one of first impression, we believe it appropriate to apply our decision prospectively, as removal of Owen from the ballot for following instructions given to him by the Commission's employees and the Secretary's instructions, and based on long-standing practice would result in a grave injustice. See, e.g., *Common Cause v. Ridge, et al,* 668 A.2d 190 (Pa.Cmwlth. 1995), *aff'd,* 544 Pa. 512, 677 A.2d 1206 (1996)(declaratory and equitable relief granted prospectively); *PNC Bank v. WCAB (Stamos),* 831 A.2d 1269 (Pa.Cmwlth.2003)(prospective application of ruling that common law marriage had been abolished).

Accordingly, we enter the following ORDER.

### ORDER

AND NOW, this 23rd day of March, 2007, the objections to the nomination petitions of James H. Owen for Judge of the Court of Common Pleas of the 33rd Judicial District are DENIED, and the Secretary of the Commonwealth is ORDERED to include the name of James H. Owen on the ballot in the May, 2007 Primary Election.

The Chief Clerk is directed to send copies of this Opinion and Order to the Secretary of the Commonwealth and the

Executive Director of the State Ethics Commission.

defects should be limited to failure to file or untimely filing of a financial interest statement. The "who, what, where and when" should be clear, explicit and not subject to arbitrary and/or capricious determination. In other words, the filing **one** financial interest statement, whether with the Ethics Commission, the election officials or AOPC, should be sufficient to provide the relevant information to the public. Mere failure to file a copy, while certainly a defect, should be considered amendable rather than "fatal," as no addi-

tional information would be provided, simply another copy in another place. Substantive violations such as fraud or misrepresentation should result in sanctions under the Ethics Act and litigated before the Ethics Commission rather than be dragged through the courts during the short election period available for judicial review. In my view, such would promote the ideal of transparency, eliminate "gaming" in the nominating process, and yet preserve a remedy for substantive violations.