This decision was reached prior to the expiration of the term of office of Judge PALLADINO.

Borough of Pleasant Hills, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 5, 1981, before President Judge CRUMLISH, JR. and Judges ROGERS and CRAIG, sitting as a panel of three.

*Henry E. Rea, Jr.,* with him *John Newborg, Brandt, Milnes, Rea & Malone,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy S. Zimmerman,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., February 3, 1982:

The Borough of Pleasant Hills appeals an Unemployment Compensation Board of Review order which granted benefits to school crossing guards. We affirm.

In June 1979, the school crossing guards received letters from the Borough assuring them that they would be reemployed when the school year began on September 4, 1979. However, because of a teachers' strike, the school year did not begin until October 19, 1979. The Board held (1) that the appellees were eligible for benefits under Section 401(d)[1] of the Unemployment Compensation Law because they were available for work, and (2) Section 402.1(2)[2] was inappli-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d), which requires a claimant to be available for work in order to be eligible for benefits.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1(2).

cable since appellees were not employed by "an educational institution" and the time period in question was not "between two successive academic years." We agree.

Our scope of review, where the party with the burden of proof has prevailed below, is limited to questions of law and a determination of whether the findings of the Board are supported by substantial evidence. *Maxwell v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 604, 423 A.2d 430 (1980).

Here we agree with the Board's conclusion that the appellees were available for work. We have held that school employees are "unavailable for work" under Section 401(d) when they expect and desire to return to work after the summer recess. *Davis v. Unemployment Compensation Board of Review,* 39 Pa. Commonwealth Ct. 146, 394 A.2d 1320 (1978). Here the factual situation dictates a different result. The appellees are not seeking benefits for a period of unemployment during the summer months, but rather for a time period during the scheduled academic year during which they were unemployed through no fault of their own.

Additionally, they were not precluded from receiving benefits under Section 402(d)[3] because they were not directly interested in nor participating in the teachers' strike. We also agree with the Board's conclusion that Section 402.1(2) was not meant to apply in this situation. This section reads in pertinent part:

With respect to services performed after December 31, 1977, in any other capacity *for an educational institution* . . . benefits shall not be

---

[3] Section 402(d) of the Act, 43 P.S. §802(d), allows a claimant to be eligible for benefits due to a work stoppage from a labor dispute if he was not involved or directly interested in the dispute as was the case here.

paid on the basis of such services to any individual for any week which commences during a period *between two successive academic years* or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms. (Emphasis added.)

Here appellees are employees of the Borough. Although the Borough receives a 50% reimbursement for their salaries from the West Jefferson School District, there was testimony that the Borough maintains complete control over the guards. Thus, we cannot conclude that the guards perform services for "an educational institution." In addition, the guards received letters assuring them that they would commence work as of September 4th, the beginning of the academic year. From this letter, it is clear that the academic year began on this date for purposes of employment.

The intent of the legislature, in adding Section 402.1 (2), was to preclude teachers from receiving unemployment benefits during the summer months between academic years. *Davis.*

We conclude that the Board correctly interpreted this statute to be inapplicable in this particular situation.

Affirmed.

### ORDER

The orders of the Unemployment Compensation Board of Review, dated February 27, 1980, Nos. B-181383, B-181384, B-181385, B-181386, B-181387, B-181388, B-181389, B-181390, B-181391, B-181392, and B-181393, are affirmed.

Judge PALLADINO did not participate in the decision in this case.