Lynne Coolidge, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs July 22, 1985, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas A. Walrath, Walrath & Coolidge,* for petitioner.

*James K. Bradley,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, October 23, 1985:

This is an appeal by Lynne Coolidge (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's decision denying her unemployment compensation benefits under Section 402.1(1) of the Unemployment Compensation Law (Law).[1] We reverse.

The facts are undisputed. Claimant was last employed as a full-time teacher by the Troy Area School District during the 1981-82 school year. She was furloughed on June 10, 1983 because of a decline in pupil enrollment. Claimant applied for, and was placed on, the substitute teacher list for the 1982-83 school year in three school districts. During the 1982-83 school year Claimant worked only two days as a substitute teacher. On June 27, 1983 Claimant was offered a full-time teaching position with the Northern Tioga School District which was to begin on August 27, 1983 and continue for a period of six months to one year. Claimant does not dispute the referee's finding that the job offered by the Northern Tioga School District, which she accepted, constitutes a reasonable assurance of work.

Claimant had been collecting unemployment compensation benefits from September of 1982 until July of 1983, when her benefits were terminated by the Office of Employment Security (OES) because she had received a reasonable assurance of employment from the Northern Tioga School District for the 1983-84 school year. The referee, after a hearing, affirmed the OES determination. The referee reasoned that, because Claimant had worked two days as a substitute teacher during the 1982-83 school year, she had performed instructional services during the first of

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, as amended, 43 P.S. §802.1(1)

two successive school years, and as she had a reasonable assurance of employment during the 1983-84 school year, she was not eligible for unemployment compensation under Section 402.1(1). The Board affirmed without taking additional evidence.

Claimant now appeals to this Court asserting that Section 402.1(1) does not apply to her situation because two days of substitute teaching do not constitute "employment" during the first of two successive school years or terms. We agree.

Section 402.1(1) provides in pertinent part:

[W]ith respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual *if such individual performs such services in the first of such academic years or terms* and if there is a contract or reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms. (Footnotes omitted.) (Emphasis added.)

The intent of the legislature in enacting Section 402.1 was to preclude teachers from receiving unemployment compensation benefits during the summer months between academic years. *Borough of Pleasant Hills v. Unemployment Compensation Board of Review,* 64 Pa. Commonwealth Ct. 410, 440 A.2d 679 (1982). The rationale for precluding teachers from

collecting unemployment benefits during the summer is that teachers can anticipate and prepare for the lack of work, therefore, they are not truly unemployed or suffering economic insecurity during the summer vacation. *Haynes v. Unemployment Compensation Board of Review*, 65 Pa. Commonwealth Ct. 541, 442 A.2d 1232 (1982).

In *Haynes* we held that a substitute teacher who worked approximately one day per week prior to the Thanksgiving recess and who had a reasonable assurance of work thereafter was eligible for unemployment compensation benefits during the recess. We reasoned that the substitute teaching which he performed was not to be considered employment for purposes of Section 402.1(3)[2] because his remuneration was less than his weekly benefit rate plus his partial benefit credit.[3] *Id.* at 543-44, 442 A.2d at 1233. Additionally, the claimant in *Haynes* was not receiving unemployment compensation based upon the services

---

[2] Section 402.1(3) provides:

. . .

(3) with respect to any services described in clause (1) or (2), benefits payable on the basis of such services shall be denied to any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

The purpose and application of subsection 402.1(3) is identical to that of subsection 402.1(1), except- that 402.1(3) relates to vacation and recess periods during the academic year whereas 402.1(1) relates to summer break or similar breaks between academic years. Thus, the conclusion and reasoning of *Haynes* are controlling upon the case at bar.

[3] *See* 43 P.S. §753(u) (defining unemployment).

which he performed as a substitute teacher, rather he was receiving benefits on the basis of the full-time services he had performed during the prior school year. *Id.* at 544, 442 A.2d at 1233.

Similarly, in the case at bar, Claimant was not receiving unemployment compensation benefits based upon her two days of substitute teaching during the 1982-83 school year; rather she was collecting benefits for her full-time services rendered during the 1981-82 school year. The two days which she substituted during the 1982-83 school year did not constitute employment during that year because her remuneration was less than her weekly benefits plus her partial benefit credit. Thus, Claimant does not fall within Section 402.1(1) because she did not perform instructional services in the first of two successive academic years.

Accordingly, the order of the Board is reversed.

ORDER

AND Now, October 23, 1985, the order of the Unemployment Compensation Board of Review, No. B-222090, dated September 9, 1983, is reversed.