**Douglas CHICCITT, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 19, 2003.

Decided Feb. 17, 2004.

Douglas J. Chiccitt, petitioner, pro se.

Maribeth Wilt–Seibert, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, and LEADBETTER, Judge, and JIULIANTE, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Douglas Chiccitt petitions the Court pro se for review of the order of the Unemployment Compensation Board of Review (Board) affirming the decision of the Referee who denied him benefits under the Act of April 16, 2003, Pub.L. No. 108–11, § 4002, 117 Stat. 603, 607 (providing additional temporary extended unemployment compensation for displaced airline-related workers), and under Section 202(d)(2) of the Temporary Extended Unemployment Compensation Act of 2002 (TEUC).[1] Chiccitt contends that he is eligible to receive additional TEUC benefits and that he was denied due process before the Referee.

K.B. Aviation, Inc. (Employer) is located at the Venango Regional Airport. It provides flight instruction and flight reviews and sells flight-related supplies and charts to the public, including air carrier pilots. During his employment Chiccitt provided flight instruction for student pilots who later became air carrier pilots. He testified that the business is an integral part of airport operations. Chiccitt was discharged on April 22, 2002, and he testified that his discharge was because the business was losing money due to the "September 11, 2001" terrorists' attacks which caused the airport where Employer is located to close for a short period of time and caused the implementation of a security and parking plan that hurt the business. Chiccitt was awarded unemployment compensation benefits with extensions.

1. Pub.L. No. 107–147, § 202(d)(2), 116 Stat. 21, 27 (2002).

On May 20, 2003, Chiccitt filed a "TEUC–A Application." In general, the TEUC Act of 2002 created federally funded unemployment compensation benefits for individuals who have exhausted their state and federal unemployment compensation benefits and who qualify to receive TEUC benefits. *McQuown v. Unemployment Compensation Board of Review,* 834 A.2d 692 (Pa.Cmwlth.2003). In 2003 the Act was amended and special rules were created for determining eligibility for certain displaced airline and airline-related workers who may qualify for additional benefits identified as "TEUC–A" benefits. Workforce Security Programs: Unemployment Insurance Program Letter Interpreting Federal Law (UIPL No. 30–02, Changes 2 and 3), 68 Fed.Reg. 35,429 (June 13, 2003).

The Erie Unemployment Compensation Service Center found Chiccitt to be ineligible for TEUC–A benefits under Section 4002(a) of Public Law 108–11 and Section 202(d)(2) of the TEUC Act of 2002. On appeal the Referee found that Chiccitt was employed by Employer from April 2001 through April 22, 2002 as a chief flight instructor; that Chiccitt filed a claim for TEUC–A benefits with an effective date of April 21, 2002; that Employer is a private company located on airport property; that Employer sold pilot supplies, such as charts, to the general public, including pilots; that the airport was closed for one week as a result of the September 11 attacks; that Chiccitt was a flight instructor for Employer and trained pilots; and that he was separated from employment because Employer could not afford to continue to employ him. The Referee concluded that Chiccitt was ineligible for TEUC–A benefits as he did not satisfy the requirements of Section 4002(a) of Public Law 108–11 and Section 202(d)(2) of the TEUC Act of 2002.

■■■ The Board adopted and incorporated by reference therein the Referee's findings and conclusions and affirmed her decision. The Court initially notes that the Board is the ultimate factfinder and has the discretion to resolve matters of credibility and evidentiary conflicts, which this Court may not reverse on appeal when supported by substantial evidence. *Goodwill Indus. v. Unemployment Compensation Board of Review,* 160 Pa.Cmwlth. 147, 634 A.2d 738 (1993). Chiccitt first argues that he satisfied the requirements to receive TEUC–A benefits.

Section 4002(a) of Public Law 108–11 provides in relevant part:

**SEC. 4002. ADDITIONAL TEMPORARY EXTENDED UNEMPLOYMENT COMPENSATION FOR DISPLACED AIRLINE RELATED WORKERS.**

(a) DEFINITIONS. For purposes of this section—

(1) the term "eligible individual" means an individual whose eligibility for temporary extended unemployment compensation under the Temporary Extended Unemployment Compensation Act of 2002 (Public Law 107–147; 116 Stat. 21), as amended by Public Law 108–1 (117 Stat. 3), is or would be based on the exhaustion of regular compensation under State law, entitlement to which was based in whole or in part on qualifying employment performed during such individual's base period;

(2) the term "qualifying employment", with respect to an eligible individual, means employment—

(A) with an air carrier, employment at a facility at an airport, or with an upstream producer or supplier for an air carrier; and

(B) as determined by the Secretary, separation from which was due, in whole or in part, to—

(i) reductions in service by an air carrier as a result of a terrorist action or security measure;

(ii) a closure of an airport in the United States as a result of a terrorist action or security measure; or

(iii) a military conflict with Iraq that has been authorized by Congress[.]

To establish his eligibility for TEUC–A benefits, Chiccitt had to meet the requirements of Sections 4002(a)(2)(A) and (B). Section 4002(a)(2)(A) requirements were met because Chiccitt was employed by a facility at an airport, but Section 4002(a)(2)(B) requirements were not met: Employer is not an "air carrier" [2] as required by Section 4002(a)(2)(B)(i); his separation was not the result of a closure of an airport as required by Section 4002(a)(2)(B)(ii) because the Venango Regional Airport was only closed for one week after September 11 and it had opened when Chiccitt was separated from employment; and his separation was not due to the military conflict with Iraq. *See* Section 4002(a)(2)(B)(iii).

Chiccitt argues, nonetheless, that he was eligible for benefits since he was employed as a flight instructor for Employer from April 2001 to May 2002. In addition, Employer was located on airport property; the airport was closed temporarily due to the September 11 attacks; security and flight restrictions imposed by the airport authority, local law enforcement and the Federal Aviation Authority caused a dras-tic reduction in Employer's business; and Chiccitt was separated because Employer was losing money and could not afford to retain him. These facts do not satisfy the requirements of Section 4002(a)(2)(B)(i), (ii) or (iii).

■ Chiccitt argues, as well, that he was denied his due process rights when Employer sent the Referee an ex parte request for a telephone hearing which she granted without first informing Chiccitt of Employer's request. Initially, the Court notes that the Referee was authorized to conduct a telephone hearing over Chiccitt's objection, 34 Pa.Code §§ 101.127(a), 101.128(b)(2), and although the record does not indicate that the Referee made an attempt to inform Chiccitt of Employer's request before granting it, and she failed to document the record in this regard, the Board's regulations provide no remedy for the Referee's omissions.[3] Based upon this record, the Court cannot conclude that Chiccitt was denied due process because he was heard at the telephone hearing and the Referee assured Chiccitt that Employer's ex parte request would not affect her ultimate decision. Transcript, pp. 3–4. Moreover, the Referee accepted Chiccitt's testimony as fact.

■ A Revised Notice of Hearing informing Chiccitt that the hearing would be held via telephone was mailed to him before the hearing, and the notice instructed Chiccitt that if he had documents to enter or documents from which he wished to testify at the hearing he had to submit them to the Referee's Office at least five days before the hearing. Chiccitt mailed

---

2. Section 4002(a)(3) defines "air carrier" as "an air carrier that holds a certificate issued under Chapter 411 of Title 49, United States Code[.]"

3. Section 101.128(d) requires in part that a referee make a reasonable attempt to inform the parties of the request for a telephone hearing before ruling upon the request. Section 101.129(c) requires in part that a referee document on the record the basis of the telephone hearing request, the position of the parties about the request and her ruling upon it.

one exhibit to the Referee in anticipation of the hearing. Remanding the matter in order to give Chiccitt an opportunity to present additional evidence about the decrease in Employer's business after September 11 or that air carrier pilots patronized the business would not change the conclusion that Chiccitt is ineligible for TEUC–A benefits. Furthermore, Chiccitt's argument concerning the hearsay testimony of Tom Brennan, who testified on Employer's behalf, has no merit because the Referee made no findings based upon his testimony. Lastly, his argument that Employer failed to participate in the hearing has no merit since Employer was not an "interested party,"[4] and its representative did in fact participate. Accordingly, the Court affirms the order of the Board.

### ORDER

AND NOW, this 17th day of February, 2004, the order of the Unemployment Compensation Board of Review is affirmed.

---

4. *See* 68 Fed.Reg. at 35,441 (even though employers are being contacted to determine "qualifying employment," they "are not interested parties because their accounts are not potentially chargeable for TEUC–A.")