**CITY OF PITTSBURGH, DEPARTMENT OF PUBLIC SAFETY,**
Petitioner

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Argued May 8, 2007.

Decided June 13, 2007.

Reargument Denied Aug. 9, 2007.

Hugh F. McGough, Pittsburgh, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, SMITH–RIBNER, Judge, and SIMPSON, Judge.

OPINION BY Judge SMITH–RIBNER.

The City of Pittsburgh (Employer) petitions the Court for review of the October 13, 2006 order of the Unemployment Compensation Board of Review (Board) that reversed a decision of the referee to deny the claim for unemployment compensation benefits filed by Eva J. McCaskill (Claimant). Benefits were denied pursuant to Section 402.1(4) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. § 802.1(4).

Claimant works as a school crossing guard providing school safety services for the Pittsburgh Public School District. She has worked in this capacity for approximately twenty-six years and works thirty hours per week at the pay rate of $60.61 per day. Her last day of work was June 15, 2006. The Unemployment Compensation Service Center (Service Center) denied Claimant benefits under Section 402.1(4) of the Law, and she appealed to the referee who conducted a hearing at which Claimant and two Employer witnesses testified. After hearing the evidence, the referee affirmed the Service Center's determination that Claimant was ineligible for benefits because the Collective Bargaining Agreement (CBA) between Employer and Claimant's union provided her reasonable assurance of returning to work on August 24, 2006 after the school summer vacation recess. The Board, however, reversed the referee's decision after making the following relevant findings of fact:

2. The claimant provides services to the Pittsburgh Public School District for the safety of school children.

3. The claimant works in accordance with the school calendar.

4. The claimant has reasonable assurance of returning to work with the employer on August 24, 2006, at the end of the summer break.

5. The claimant is not employed by an educational institution or an educational service agency.

The Board credited Claimant's testimony, found that she was employed by the City of Pittsburgh and, on that basis, concluded that she was not ineligible for benefits.[1]

---

1. The Court's review of the Board's order is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was *not* followed and whether the findings of fact are supported by substantial evidence. 2 Pa.C.S. § 704; *Leone*

*v. Unemployment Compensation Board of Review,* 885 A.2d 76 (Pa.Cmwlth.2005). Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Murphy v. Department of Public Welfare, White*

The question presented by Employer is whether Claimant, as a school crossing guard, is employed by an educational service agency as that term is internally defined by Section 402.1(4) of the Law and, therefore, is ineligible for benefits during the period when schools are closed for summer recess. Section 402.1(4) provides in relevant part as follows:

**Benefits based on service for educational institutions**

. . . .

(4) With respect to weeks of unemployment beginning after January 1, 1979, *benefits shall be denied to an individual who performed services in or near an educational institution while in the employ of an educational service agency* for any week which commences during a period described in clauses (1), (2) and (3) [relating to services performed for an educational institution] if such individual performs any services described in clause (1) or (2) in the first of such periods, as specified in the applicable clause, and there is a contract or a reasonable assurance, as applicable in the appropriate clause, that such individual will perform such services in the second of such periods, as applicable in the appropriate clause. *For purposes of this clause the term "educational service agency" means a governmental agency or governmental entity which is established and operated exclusively for the purposes of providing such services to one or more educational institutions. A political subdivision or an intermediate unit may establish and operate such an educational service agency.* (Emphasis added).

Employer argues that the Board erred in finding that Employer failed to meet the definition of the term educational service agency, and it cites *School District of Erie v. Pennsylvania Labor Relations Board,* 832 A.2d 562 (Pa.Cmwlth.2003), to argue that where, as here, a statute contains an internal definition of a term, the meaning of the term found within the statute is controlling.

Employer asserts that it satisfies the definition of "educational service agency" in Section 402.1(4) of the Law because it established the Office of School Guards solely to provide a safety service to schools. It further maintains that Claimant is ineligible for benefits because the school guards' work constitutes services performed "in any other capacity for an educational institution," thereby disqualifying her for benefits under Section 402.1(2) of the Law, which provides:

(2) With respect to services performed after October 31, 1983, *in any other capacity for an educational institution, benefits shall not be paid on the basis of such services* to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms. (Emphasis added).

The Board responds that its determination is based upon a liberal and broad construction of Section 402.1(4) of the Law and its legislative history. The Board submits that Employer failed to prove that it is an educational service agency, *i.e.,* Employer is not a governmental agency established and operated exclusively for the purpose of providing school crossing guards to schools. Next, the Board contends that Employer did not prove that it

*Haven Center,* 85 Pa.Cmwlth. 23, 29, 480 A.2d 382, 386 (1984).

established an educational service agency because the Office of School Guards is not a governmental entity with an administration, budget or CBA separate from Employer.

In further support of its position, the Board cites *Borough of Pleasant Hills v. Unemployment Compensation Board of Review,* 64 Pa.Cmwlth. 410, 440 A.2d 679 (1982), where the Court held that school crossing guards were eligible for benefits in part because they did not seek benefits for a period of unemployment during the summer months but rather for a period during the scheduled academic year during which they were unemployed through no fault of their own. They were unemployed because of a teachers' strike, which resulted in the school year commencing on October 19, 1979 instead of on September 4, 1979 as scheduled. Also, the guards were not ineligible for benefits because they did not participate in the teachers' strike, and they did not perform services for an educational institution under Section 402.1(2) of the Law.

The Court notes at the outset that it does not find *Borough of Pleasant Hills* to be dispositive of the issue presented here. The school crossing guards in *Borough of Pleasant Hills* were not precluded from receiving benefits for the time during the school year when they were unemployed due to the teacher's strike and thus unemployed through no fault of their own. Section 402.1(4) of the Law was not addressed in that case where the Court's decision rested upon Section 401(d) of the Law, 43 P.S. § 801(d), which requires a claimant to be available for work to be eligible for benefits, and upon Section 402.1(2) of the Law, which applies to those claimants who provide services to an educational institution.

█ When interpreting statutes, the Court must first seek to determine the legislative intent and, whenever possible, give effect to each statutory provision. *See* Section 1921(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1921(a). The Court will follow the letter of the law when the words and phrases in a statute are unambiguous. 1 Pa.C.S. § 1921(b). Hence, the Court will consider an agency's administrative interpretation of a statute only when that statute's language is unclear. 1 Pa.C.S. § 1921(c); *Office of Administration v. Pennsylvania Labor Relations Board,* 591 Pa. 176, 916 A.2d 541 (2007). Thus an administrative agency's interpretation of a statute carries minimal weight when that interpretation is inconsistent with the statute itself or when the words of the statute are clear. *Id.*

A careful review of Section 402.1(4) of the Law demonstrates that its language is clear and unambiguous, and, therefore, the Court need not defer to the Board's interpretation of the term educational service agency. An educational service agency is defined within the meaning of Section 402.1(4) as "a governmental agency or governmental entity which is established and operated exclusively for the purposes of providing such services to one or more educational institutions." 43 P.S. § 802.1(4). Uncontroverted evidence shows that Employer established and operates the Office of School Guards exclusively for the purposes of providing school safety services to educational institutions in Pittsburgh.

█ There is evidence that the Office of School Guards operates under Order No. 13–1 of the Pittsburgh Bureau of Police. Employer Exh. 1 (Organizational Structure/Function Pittsburgh Bureau of Police); Reproduced Record (R.R.) at 36a. The record shows that the services of the school guards are specifically budgeted to correspond with the school calendar. Employer Exh. 2 (City of Pittsburgh, Pennsyl-

vania 2006 Revised Operating Budget); R.R. at 41a. Further, the hours of employment for the school guards coincide with the schedules of the schools and school buses. Employer Exh. 3 (CBA Between the City of Pittsburgh and Service Employees International Union, Local 192–B); R.R. at 64a–65a. This evidence is consistent with the uncontradicted testimony provided by Hugh McGough, Labor Relations Manager, that Employer created the Office of School Guards and operates it solely to provide safety services to schools. *See* Notes of Testimony at 5. In light of the evidence, the Court holds that Employer, a political subdivision, established and operates an educational service agency within the meaning of Section 402.1(4) of the Law through the Office of School Guards, which was established and operates exclusively for purposes of providing services to one or more educational institutions.

In the present matter, Claimant seeks benefits for that period of time when she expected to be out of work at the end of the school year, and there is no dispute that she expected to return to work when school resumed after the summer recess. Under these distinguishing facts, the Court cannot agree that the legislature intended for the Court to interpret Section 402.1(4), Section 402.1(2) or any other provision of the Law to permit Claimant to receive benefits for the time period she requested. *See Davis v. Unemployment Compensation Board of Review*, 39 Pa. Cmwlth. 146, 148, 394 A.2d 1320, 1321 (1978) (stating that legislative intent of unemployment compensation laws is not to subsidize vacation times for individuals who "know well in advance" that they may be unemployed for specific periods of time).

██ It is true that the Board is the ultimate finder of facts with discretion to make credibility determinations and to re-solve conflicts in the evidence and that the Court will not reverse on appeal when its findings are supported by substantial evidence. *Chiccitt v. Unemployment Compensation Board of Review*, 842 A.2d 540 (Pa.Cmwlth.2004). The Board found Claimant credible; it resolved conflicts in the testimony in Claimant's favor and found that she was employed by the City of Pittsburgh. Employer's evidence, however, regarding the establishment and operation of the Office of School Guards and Claimant's testimony that she is employed by the City present no legally significant conflict. What governs the outcome of this case is the unambiguous statutory direction in Section 402.1(4) of the Law that precludes Claimant's eligibility for benefits during her school summer recess. Because the Board erred in its interpretation of the statute, the Court is compelled to reverse the order of the Board.

Judge SIMPSON dissents.

### ORDER

AND NOW, this 13th day of June, 2007, the order of the Unemployment Compensation Board of Review is reversed.