# IN THE COMMONWEALTH COURT OF PENNSYVLANIA

Winston Banks,       :
      Petitioner       :
      :
      v.       : No. 619 C.D. 2016
      : Submitted:  November 18, 2016
Unemployment Compensation       :
Board of Review,       :
      Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
               HONORABLE PATRICIA A. McCULLOUGH, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**            **FILED:  December 20, 2016**


Winston Banks (Mr. Banks) has filed a petition for review contesting the March 25, 2016 order of the Unemployment Compensation Board of Review (Board) affirming the denial of unemployment compensation benefits pursuant to Section 402(e) of the Unemployment Compensation Law[1] (Law) because Mr. Banks had been terminated from employment with the Pennsylvania Department of Transportation (PennDOT) for willful misconduct.

Mr. Banks initially appealed the denial of unemployment compensation by the Scranton Unemployment Compensation Service Center to a Referee.  At the December 30, 2015, hearing before the Referee, Mr. Banks and four witnesses for PennDot appeared and testified.  Following the Referee's

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(e). Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week in which his or her unemployment is due to discharge for willful misconduct connected to his or her work.  43 P.S. § 802(e).

decision denying benefits, Mr. Banks appealed to the Board. Distilled to its essence, Mr. Banks simply claims that he did not commit willful misconduct.[2]

The Board, as the ultimate fact finder, made the following pertinent findings of fact:

> 3. [PennDOT's] safety policy requires among other things, that employees act with reasonable care while driving a Commonwealth vehicle and obey the rules of the road under Pennsylvania law.
>
> 4. [Mr. Banks] received a warning for a safety violation on September 25, 2015.
>
> 5. Section 3331(d) of the PA "Rules of the Road" provides that where a special lane for making left turns by drivers proceeding in the opposite directions has been indicated by official traffic control devices: (1) a left turn shall not be made from any other lane.
>
> 6. On October 26, 2015, [Mr. Banks] was driving on a street which had a specifically designated left turn lane, and made a left turn from the center lane without signaling.
>
> 7. Section 3309(1) of the PA "Rules of the Road" provides that a vehicle shall be driven as nearly as

---

[2] Willful misconduct has been defined by the courts as: (1) an act of wanton or willful disregard of the employer's interest; (2) a deliberate violation of the employer's rules; (3) a disregard of standards of behavior which the employer has a right to expect of an employee; or (4) negligence indicating an intentional disregard of the employer's interest or of the employee's duties and obligations to the employer. *Caterpillar, Inc. v. Unemployment Compensation Board of Review*, 703 A.2d 452, 456 (Pa. 1997). Where an employer has alleged a claimant is ineligible for unemployment compensation due to a violation of a work rule or policy, the employer bears the burden of proof. *Grieb v. Unemployment Compensation Board of Review*, 600, 827 A.2d 422, 425 (Pa. 2003). Once an employer satisfies its initial burden, the burden shifts to the claimant to prove that there was a good cause for the actions taken and that he is, therefore, not ineligible for unemployment benefits under the Law. *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 522 (Pa. Cmwlth. 1999).

practicable entirely within a single lane and shall not be moved from the lane until the driver has first ascertained the movement can be made with safety.

8. On October 27, 2015, while traveling in the Butler area, [Mr. Banks] veered out of his lane without using a turn signal and did not return to the proper lane until directed to twice by the roadway program specialist who was a passenger in the vehicle.

9. On October 28, 2015, while driving in the Pittsburgh area, the program specialist instructed [Mr. Banks] to get into the right lane when he was able to. [Mr. Banks] immediately veered to the right without checking his mirrors. A car in the right lane was forced off the road.

10. [Mr. Banks] was suspended by letter dated November 4, 2015. That suspension was converted to a discharge on November 21, 2015, for multiple safety violations.

At the hearing, Mr. Banks offered a variety of reasons for not following the "Rules of the Road" and explained why he believed his violation of PennDOT's driving procedures led to the safer operation of his truck. In its opinion, the Board rejected Mr. Banss' testimony and found the witnesses for PennDOT completely credible.

A review of the record indicates that the Board's findings of fact based upon the testimony of the witnesses are supported by substantial evidence.[3]

---

[3] Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *City of Pittsburgh, Department of Public Safety v. Unemployment Compensation Board of Review*, 927 A.2d 675, 676 n.1 (Pa Cmwlth. 2007). In unemployment compensation cases, the Board is the ultimate finder of fact, empowered to determine the credibility of witnesses and to resolve conflicts in the evidence. *Oliver v. Unemployment Compensation Board of Review*, 5 A.3d 432, 438 (Pa. Cmwlth. 2010); *Kelly v. Unemployment Compensation Board of Review*, 776 A.2d 331, 336 (Pa. Cmwlth. 2001). When supported by substantial evidence, the Board's findings are conclusive and binding on appeal. *Kelly*, 776 A.2d at 336.

Mr. Banks proffered testimony that, even if accepted as credible, would not interfere with the findings of fact indicating that Mr. Banks was a dangerous driver who, without good cause, repeatedly violated employee vehicle driver safety procedures, which PennDOT quite reasonably expected Mr. Banks to adhere to.

Therefore, the order of the Board is affirmed.

_____
**JAMES GARDNER COLINS, Senior Judge**

**IN THE COMMONWEALTH COURT OF PENNSYVLANIA**

Winston Banks,              :
          Petitioner       :
                            :
          v.            : No. 619 C.D. 2016
                            :
Unemployment Compensation     :
Board of Review,           :
          Respondent     :

## O R D E R

**AND NOW**, this 20th day of December, 2016, the order of the Unemployment Compensation Board of Review in the above matter is hereby affirmed.

 

_____
**JAMES GARDNER COLINS, Senior Judge**