IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Altoona, : 
          Petitioner : 
           : 
          v. :   No. 728 C.D. 2021
           :   Submitted: July 14, 2023
Unemployment Compensation : 
Board of Review, : 
          Respondent : 

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge


OPINION
BY SENIOR JUDGE LEAVITT          FILED:  October 24, 2023


The City of Altoona (Employer) petitions for this Court's review of the adjudication of the Unemployment Compensation Board of Review's (Board) holding that Kandy M. Yon (Claimant) was eligible for unemployment compensation benefits under Section 402.1 of the Unemployment Compensation Law (Law).[1]  The only issue before this Court is whether the Board erred in holding that Employer had not established an "educational service agency" to employ school crossing guards within the meaning of Section 402.1(4) of the Law, 43 P.S. §802.1(4).  Upon review, we conclude the Board erred and, thus, reverse.

Claimant worked for Employer as a part-time school crossing guard for the Altoona Area School District (School District) during the academic year.  The last day of the 2019-2020 school year for the School District was June 5, 2020.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.1.

Claimant filed claims for unemployment benefits for the weeks ending June 13, 2020, through August 1, 2020, and received $1,112 in benefits. Claimant returned to her position as a school crossing guard on August 26, 2020, the first day of classes for the 2020-2021 school year.

On December 22, 2020, the Altoona UC Service Center issued a notice of determination finding Claimant ineligible for unemployment benefits for the stated reason that Claimant's unemployment occurred between two academic years and that Employer had provided a *bona fide* offer of work for the successive academic year. The Service Center also issued a notice of non-fault overpayment of the $1,112 she had been paid.

Claimant appealed, and the Referee conducted a telephonic hearing. On February 12, 2021, the Referee affirmed the Service Center's decision. In particular, the Referee found that Employer had established an educational service agency within the meaning of Section 402.1(4) of the Law.

Claimant appealed to the Board, which reversed the Referee's decision. Under Section 402.1(4) of the Law, an individual employed by an educational service agency is ineligible for unemployment compensation for the period between two successive academic years so long as that individual has been given reasonable assurance of employment in the next year. 43 P.S. §802.1(4). It was undisputed that Claimant worked in accordance with the School District calendar and had reasonable assurance of returning to work with Employer after the summer recess. Nevertheless, the Board found that Claimant was not employed by an "educational service agency" within the meaning of Section 402.1(4) of the Law because Employer, a municipality, "serves more functions" than "providing such services in one or more educational institutions." Board Adjudication, 5/14/2021, at 2. As such,

the Board concluded that Claimant was eligible for benefits for weeks between two successive academic years under Section 402.1 of the Law.

Employer petitioned for this Court's review.

On appeal,[2] Employer raises one issue for this Court's consideration, which is whether the Board erred in holding that Employer had not established an "educational service agency" in accordance with Section 402.1(4) of the Law, 43 P.S. §802.1(4). Employer argues that the testimony and evidence presented before the Referee established that Employer is the sole provider of school crossing guards for the School District.[3] Further, Claimant signed an acknowledgment that Employer "employed her in the capacity of an Educational Service Agency." Employer Brief at 9. Employer cites *City of Pittsburgh, Department of Public Safety v. Unemployment Compensation Board of Review*, 927 A.2d 675 (Pa. Cmwlth. 2007), in which the claimant, a school crossing guard employed by the city, was found ineligible for unemployment benefits during the period when schools were closed for summer recess.

The Board responds that Employer failed to meet its burden of proving that it had established an educational service agency as defined in Section 402.1(4)

---

[2] Our scope of review determines whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence. *Miller v. Unemployment Compensation Board of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014). The Board is the ultimate factfinder and has the discretion to resolve matters of credibility and evidentiary conflicts, which this Court may not reverse on appeal when supported by substantial evidence. *Chiccitt v. Unemployment Compensation Board of Review*, 842 A.2d 540, 542 (Pa. Cmwlth. 2004).

[3] Employer also cites to "Supplement to the Reproduced Record." By order of November 22, 2021, this Court granted the Board's motion to strike the Supplement to the Reproduced Record for the stated reason that the documents included therein were not part of the certified record. As such, we do not consider the Supplement to the Reproduced Record in reviewing Employer's appeal.

3

of the Law. Employer, a municipality, performs many functions beyond the provision of crossing guards to schools. It contends that *City of Pittsburgh* is distinguishable because in that case, the city presented evidence that it had established an "office of school guards" that constituted an educational service agency. *City of Pittsburgh*, 927 A.2d at 677.

We begin with a review of Section 402.1 of the Law. It states, in relevant part, as follows:

> Benefits based on service for educational institutions pursuant to Article X, XI or XII shall as hereinafter provided be payable in the same amount, on the same terms and subject to the same conditions as outlined in section 404(g); except that:

> (1) With respect to service performed after December 31, 1977, in an instructional, research, or principal administrative capacity for an educational institution, benefits shall not be paid based on such services for any week of unemployment commencing during the period between two successive academic years, or during a similar period between two regular terms whether or not successive or during a period of paid sabbatical leave provided for in the individual's contract, to any individual if such individual performs such services in the first of such academic years or terms and if there is a contract or a reasonable assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

> (2) With respect to services performed after October 31, 1983, in any other capacity for an educational institution, benefits shall not be paid on the basis of such services to any individual for any week which commences during a period between two successive academic years or terms if such individual performs such services in the first of such academic years or terms and there is a reasonable assurance that such individual will perform such services in the second of such academic years or terms.

> (3) With respect to any services described in clause (1) or (2), benefits payable on the basis of such services shall be denied to

any individual for any week which commences during an established and customary vacation period or holiday recess if such individual performed such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

(4) With respect to weeks of unemployment beginning after January 1, 1979, *benefits shall be denied to an individual who performed services in or near an educational institution while in the employ of an educational service agency for any week which commences during a period described in clauses (1), (2) and (3) if such individual performs any services described in clause (1) or (2) in the first of such periods, as specified in the applicable clause, and there is a contract or a reasonable assurance, as applicable in the appropriate clause, that such individual will perform such services in the second of such periods, as applicable in the appropriate clause. For purposes of this clause the term "educational service agency" means a governmental agency or governmental entity which is established and operated exclusively for the purposes of providing such services to one or more educational institutions. A political subdivision or an intermediate unit may establish and operate such an educational service agency.* Nothing contained in this section shall be construed to modify existing collective bargaining units organized under the provisions of the act of July 23, 1970 (P.L. 563, No. 195), known as the "Public Employe Relations Act,"[4] unless specifically agreed to by both the employer and employe representatives.

* * * *

43 P.S. §802.1 (emphasis added).

In *City of Pittsburgh*, 927 A.2d 675, the claimant, a city employee, provided crossing guard services to the Pittsburgh Public School District. She worked in accordance with the school calendar, and the city had given her reasonable

---

[4] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101-1101.2301.

assurance of returning to work at the end of the summer break. The Board found that the claimant was eligible for unemployment benefits for weeks between two successive academic years under Section 402.1 of the Law because she was employed by the City of Pittsburgh, which is not an educational service agency.

On appeal, this Court reversed. We held that the evidence showed that the city had established an office of school guards dedicated to the provision of school safety services to educational institutions in the city. The office of school guards operated under the city police department and was budgeted to correspond with the school calendar. The hours of employment for school guards coincided with the schedules of the schools and school buses. Testimony also showed that the school guards provided safety services solely to schools. In light of the above, this Court held that the city, a political subdivision, had established and operated an educational service agency within the meaning of Section 402.1(4) of the Law, *i.e.*, office of school guards. *City of Pittsburgh*, 927 A.2d at 678-79.

Here, Omar Strohm, Employer's resources director, testified that the school crossing guards worked in accordance with the School District academic calendar, and they were given reasonable assurance of returning to work after the summer recess. Strohm further testified that Claimant and other school crossing guards were "part of a collective bargaining unit that participates in a collective bargaining agreement between their representative union" and Employer, and "they are the sole cont[r]acted unit to perform school crossing guard activities within the City of Altoona." Notes of Testimony (N.T.), 2/11/2021, at 6; Reproduced Record at 92 (R.R. ____). Employer also presented an acknowledgement form, signed by Claimant, which stated, *inter alia*, that Claimant was "aware that the function of a School Crossing Guard for the City of Altoona, *as an Educational Service Agency*

6

*(ESA)*, is to provide a safety service at crosswalks at or near school buildings of the Altoona Area School District during the academic year, from August through June, as well as other duties." R.R. 21 (emphasis added).

Section 402.1(4) of the Law expressly authorizes a "political subdivision" to "establish . . . an educational service agency" to provide "services to one or more educational institutions." 43 P.S. §802.1(4). The Law does not direct how the political subdivision must establish the educational service agency. Here, the testimony established that Employer's school crossing guards constituted the "sole cont[r]acted unit" to provide school crossing guard services to educational institutions within the City of Altoona. N.T. at 6; R.R. at 92. Employer's discrete employment force, assigned this single function, constitutes an educational service agency.

The City of Altoona, just like the City of Pittsburgh, performs many municipal functions that range from public safety to street paving. That is not dispositive, as the Board mistakenly reasoned in its adjudication. Rather, the question is whether the City of Altoona has established an educational service agency "exclusively for the purposes of providing such services to one or more educational institutions" under Section 402.1(4) of the Law, 43 P.S. §802.1(4). The uncontroverted evidence shows that Employer's school crossing guards "are the sole cont[r]acted unit," *i.e.*, an educational service agency, to provide these services to educational institutions in the City of Altoona. Whether Employer calls that agency an "office" or a "unit" is of no moment because the manner by which a political subdivision establishes an educational service agency is not addressed in Section 402.1(4) of the Law.

7

For the reasons above, we reverse the Board's May 14, 2021, adjudication. We hold that Claimant was ineligible for unemployment benefits for weeks between two successive academic years under Section 402.1 of the Law.

_____
MARY HANNAH LEAVITT, President Judge Emerita

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

City of Altoona, : 
        Petitioner : 
         : 
        v. :     No. 728 C.D. 2021
         : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

# **O R D E R**

AND NOW, this 24th day of October, 2023, the adjudication of the Unemployment Compensation Board of Review, dated May 14, 2021, in the above-captioned matter, is REVERSED, and the matter is REMANDED for reinstatement of the Referee's decision.

_____
MARY HANNAH LEAVITT, President Judge Emerita